FILED

2010 Feb-09  AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **V.** | **)** | **5:08-CR-0408-CLS-TMP** |
| | **)** | **5:08-CR-0247-CLS-PWG** |
| **JOHN LAWSON SIMONS** | **)** | |

## GOVERNMENT'S SENTENCING MEMORANDUM

## I.  INTRODUCTION

Defendant John Lawson Simons, is scheduled to be sentenced on February 10, 2010.  This memorandum sets forth the United States's position regarding the consideration of the § 3553(a) factors in formulating Simons' sentence.  The circumstances of this case, the characteristics of this defendant, and the need for general and specific deterrence support  the imposition of a Life term of imprisonment.  A Life sentence is not only appropriate and justifiable in this case, it is essential to insure that Simons is properly punished, the public is adequately protected, and justice is effectively served.

## II.    FORMULATION OF SIMONS' SENTENCE

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines must be applied in an advisory fashion to meet constitutional demands. Id. at 258. While this Court is no longer bound to impose a sentence based on the Guidelines, it "must consult those Guidelines and take them into account when sentencing." United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005). "This consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines." Id. In United States v. Pugh, No. 07-10183, 2008 WL 253040 (11th Cir. Jan. 31, 2008), the Eleventh Circuit, citing Gall v. United States, 128 S. Ct. 586 (2007), reiterated that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range." Id. at 596.

After making that determination, the district court, "using the § 3553(a) sentencing factors, . . . can impose a more severe or more lenient sentence, as long as it is reasonable." Id. The § 3553(a) factors relevant to this matter are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant . . . (3) the kinds of sentences available; (4) the kinds of sentence and the

sentencing range; . . . [and] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . .

18 U.S.C. § 3553(a).[1]

There is no requirement that the Court engage in a detailed, step-by-step analysis of every factor.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); see United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) ("when the district court considers the factors of § 3553(a), it need not discuss each of them . . . an acknowledgment by the district court that it has considered the defendant's argument and the factors in § 3553(a) is sufficient").   Nevertheless, for the sake of completeness and because both the Guidelines and the § 3553(a) framework support the imposition of a Life sentence, the government has set forth below a complete review of all elements applicable to formulating a proper sentence.

### A.    The Proper Application of the Sentencing Guidelines

The Presentence Report (PSR) contains a thorough review of the factual

---

[1]

The government does not believe that the factors contained in 18 U.S.C. § 3553(a)(2)(D) - which addresses educational and vocational training, medical care, and treatment - and § 3553(a)(5) - which addresses the impact of policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) - are applicable to the matter and, therefore, will not address them specifically herein. While the factor listed at 18 U.S.C. § 3553(a)(7) - which addresses the need to provide restitution to any victims of the offense - is appropriately considered as part of formulating Simons' sentence, it is tangential to the primary inquiry.

circumstances underlying this prosecution, and accurately catalogues Simons'
criminal history. It further correctly calculates the advisory guideline range as
follows: Based on a total offense level of 43 and a criminal history category of I, the
guideline range for imprisonment is Life for count ten in case number 5:08-CR-408-
CLS-TMP. However, because the statutorily authorized maximum sentence is less
than the maximum of the applicable guideline range for the remaining counts, the
guideline sentence or range becomes the following: In case number 5:08-CR-408-
CLS-TMP, counts one and four is 10 years; counts two, three, five, seven, eight, and
nine is 30 years; and count six is 20 years. In case number 5:08-CR-247-CLS-PWG,
count one is 10 years; and counts two, three, four, five, six, seven, eight, nine, ten,
eleven, and twelve is 30 years. U.S.S.G. § 5G1.1(c)(1).

### B.    Review of the § 3553(a) Factors

#### 1.    The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

In considering these elements, it is important to note at the outset that there is
"no limitation . . . on the information concerning the background, character and
conduct of a person convicted of an offense which a court . . . may receive for the
purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. In this case, the
relevant information is contained in the PSR and attachments offered by the probation

officer as exhibits for the court's review. The report and attachments establish the defendant's crimes in clear and unmistakable terms.   Simons preyed upon impressionable girls, often times from broken homes or from homes with little or no parental supervision.  He traveled great distances to find his victims and set his trap. Simons would then lure his victims with gifts and the promise of his eternal love and devotion. Finally, the girls would engage in sexually explicit conduct with Simons, sometimes being videotaped in the process.  These girls represent a segment of our society in need of protection, since they are all too young to knowingly consent  to the kind of conduct that Simons urged them to engage in.   The serial nature of Simons' conduct and his extreme indifference to his victims  supports imposition of the advisory guideline sentence of  Life in this case.

Simon's criminal history category is I. The absence of prior criminal history does not negate the propriety of the advisory guideline sentence. Numerous decisions have upheld substantial sentences where the defendant had little or no criminal history.  In United States v. Hersh, 297 F.3d 1233 (11th Cir. 2002) the court affirmed the imposition of the equivalent to a life sentence after an upward departure based on the "egregious and morally reprehensible" nature of the defendant's conduct in sexually abusing children over an extended period.  Hersh had a criminal history category of I.  Similarly, Simons' conduct was egregious and morally reprehensible

given the sheer number of victims he reportedly had and the duration of his conduct,

from as early as 1982, and continuing until as late as June, 2008, when he was taken

into custody.  Simons' lack of criminal history simply means that he didn't get

caught, a fact that is not surprising given the surreptitious nature of his crimes and his

choice of vulnerable victims who were not likely to divulge what was being

perpetrated on them.  These factors make a harsh sentence appropriate.

> **2.** **The need for the sentence imposed (a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) To afford adequate deterrence to criminal conduct; and (c) To protect the public from further crimes of the defendant**

_____The Eleventh Circuit has recognized that this element represents the

codification of three sentencing objectives a court must consider in determining the

need for incarceration: punishment, general deterrence and specific deterrence. See

United States v. Burgos, 276 F.3d 1284, 1289 n. 6 (11th Cir. 2001) (quoting United

States v. Roman, 989 F.2d 1117, 1122 n. 9 (11th Cir. 1993)).  Each of these factors

weighs heavily in favor of imposing a Life sentence.

In formulating a sentence that considers the seriousness of the offense,

promotes respect for the law, and provides just punishment, the Court should consider

the manner in which Simons committed the offenses of conviction.  As detailed

above, he preyed upon girls who were easily impressed and influenced.  The sheer

number of victims he abused proves he is unwilling to conform to social norms as established by the criminal law. For years, Simons has marched to the beat of his own drum, mindful only of his own prurient interests, without regard to the welfare of the vulnerable girls who were victims of his manipulative behavior. This mindset makes him an extremely high risk to reoffend should he ever be released from prison.

A Life sentence would also serve the purposes of general and specific deterrence. In United States v. Goff, 501 F.3d 250,261 (3d Cir. 2007), the court stated that "deterring the production of child pornography and protecting the children who are victimized by it are factors that should . . . [be] given significant weight at sentencing." The only way to deter him and others like him who would entertain engaging in such acts is the imposition of the sentence called upon under the Sentencing Guidelines

### 3.   The kinds of sentences available

In evaluating this element, the Court should consider the sentencing options available under both the Guidelines and the applicable statutes. See United States v. Melton, 188 Fed. Appx. 428, 433 (10th Cir. 2006) (unpublished). As stated above, Simons' advisory guideline range is as follows: Based on a total offense level of 43 and a criminal history category of I, the guideline range for imprisonment is Life for count ten in case number 5:08-CR-408-CLS-TMP. However, because the statutorily

authorized maximum sentence is less than the maximum of the applicable guideline range for the remaining counts, the guideline sentence or range becomes the following: In case number 5:08-CR-408-CLS-TMP, counts one and four is 10 years; counts two, three, five, seven, eight, and nine is 30 years; and count six is 20 years. In case number 5:08-CR-247-CLS-PWG, count one is 10 years; and counts two, three, four, five, six, seven, eight, nine, ten, eleven, and twelve is 30 years. U.S.S.G. § 5G1.1(c)(1).

Even though the Guidelines are no longer mandatory, the "continued use of the Guidelines in an advisory fashion would further the purposes of Congress in creating the sentencing system to be honest, fair, and rational." Talley, 431 F.3d at 787. Any deviation from the Guidelines must have a "justification [that] is sufficiently compelling" and "a major departure should be supported by a more significant justification than a minor one." Gall, 128 S. Ct. 597. In this case, given the unyielding maltreatment Simons inflicted on victims throughout the United States, even though a sentence outside the Guidelines is available, it is not appropriate nor justified.

4.      **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The sentence the Government advocates here is not disparate with other

sentences for defendants convicted of similar crimes.  For instance, in this district, William Floyd McMurrey (CR-04-BE-0022-M) was sentenced to 180 years for sexually abusing children and videotaping the abuse. Gary Steven Vasiloff (4:07-CR-0337-VEH-PWG) was sentenced to 325 years for producing child pornography of a child entrusted with his care.  Pierre Ernest Falgout, III, **(**6:07-CR-0157-RDP-RRA**)** was sentenced to 960 years for physically and sexually abusing children and videotaping the abuse.  Moreover, the federal reporters are replete with cases like the Hersh case discussed above, wherein lengthy sentences have been imposed for conduct involving the abuse of children.

However, the Government could not find and is not aware of a case that involves as many victims as the facts present in this case.  It is difficult, if not impossible, to "measure" the degree of offensiveness and outrageousness the facts of a particular case present.  There simply is no mathematic or scientific formula. This case does present though a degree of atrociousness worthy of a Life sentence.

## III.  CONCLUSION

A review of the § 3553(a) factors in this case not only supports imposition of a Life sentence, it effectively compels that result.  For all of the foregoing reasons, the United States respectfully requests that the Court sentence John Lawson Simons

to spend the rest of his life in prison.

Respectfully submitted this the 9th  day of February, 2010.

Alice H. Martin
United States Attorney

*Mary Stuart Burrell*

Mary Stuart Burrell
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system and that a copy of the foregoing will be provided to

the defendants' attorneys of record via the CM/ECF system, this the 9th day of

February, 2010.

*Mary Stuart Burrell*

MARY STUART BURRELL
Assistant United States Attorney